UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| DALI BAGROU, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CR419-150-2 |
| | ) | CV422-208 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Dali Bagrou was convicted, after he pleaded guilty, of a single count of conspiracy on November 10, 2021. Doc. 334 at 1 (Judgment).[1] He was sentenced to fifty-one months of incarceration and a three-year term of supervised release. *Id*. at 2-3. He did not appeal. *See generally* docket; *see also* doc. 330-1 (certification, signed by Bagrou on November 22, 2021, indicating his intent not to file an appeal). He filed the instant 28 U.S.C. § 2255 motion on August 22, 2022.[2] *See* doc. 341 at 12. As explained below, preliminary review, pursuant to Rule 4 of the Rules Governing

---

[1] Unless otherwise noted, all citations are to the criminal docket in CR419-150-2.

[2] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009).

Section 2255 Proceedings, shows that his motion should be **DENIED**. Doc. 341.

## ANALYSIS

Bagrou's Motion asserts two grounds for relief. *See* doc. 341 at 4-6. The first denies some assertion, it is not clear when or where made, that he had "contact with Russians." *Id.* at 4. The second ground contends that his fifty-one-month sentence was not commensurate with the twenty-eight month sentences receive by "codefendants Villone Gabriele [sic] [and] the Russian." *Id.* at 5; *see also* doc. 15 (Superseding Indictment naming "Gabriele Villone" as a defendant). He does not expressly allege that the sentence was imposed in violation of the Constitution, but asks, apparently rhetorically: "What was the reason for this extensive sentence?  Is it because I was Black and immigrant among my codefendants that were White?" *Id.* As to both grounds, the Motion is explicit that they were not raised on direct appeal. *Id.* at 4-5.

A movant is not entitled to habeas relief "when his claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (internal cites and quotations

omitted). "The allegations must be factual and specific, not conclusory. Conclusory allegations are simply not enough to warrant a hearing." *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (citing *San Martin v. McNeil*, 633 F.3d 1257, 1271 (11th Cir. 2011)). For a movant proceeding *pro se*, the court will liberally construe the pleading, but he "must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). "An evidentiary hearing may be necessary where the material facts are in dispute, but a [movant] is not entitled to an evidentiary hearing when his claims are merely conclusory allegations unsupported by specifics." *Pugh v. Smith*, 465 F.3d 1295, 1300 (11th Cir. 2006) (citations omitted). Stated another way, "if a habeas petition does not allege enough specific facts that, if they were true, would warrant relief, the petitioner is not entitled to an evidentiary hearing." *Chavez*, 647 F.3d at 1060 (citing *Allen v. Sec'y Fla. Dep't of Corr.*, 611 F.3d 740, 763 (11th Cir. 2010)).

Bagrou's first asserted ground is not entirely clear and is substantially conclusory. To the extent that the Court can discern, it

appears to challenge the sufficiency of evidence against him. Any such challenge was waived by his guilty plea. A § 2255 challenge to a conviction by guilty plea is "ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative, then the conviction and the plea, as a general rule, foreclose the collateral attack." *United States v. Broce*, 488 U.S. 563, 569 (1989) (finding constitutional that defendant could not raise double jeopardy claim on collateral attack following guilty plea where plea was counseled and voluntary). Pertinently, a knowing and voluntary guilty plea waives all non-jurisdictional, pre-plea defects, including ineffective assistance of counsel with respect to issues not implicating the voluntariness of the plea. *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (per curiam). Nothing in Bagrou's Motion suggests that his plea was not knowing and voluntary.

Bagrou's bare assertion of a sentencing disparity and hypothetical suggestion of a racial or national-origin bias also seems subject to dismissal as conclusory. However, whether Bagrou has alleged sufficient facts or not, any sentencing-disparity claim appears procedurally

4

defaulted. While some sentencing-disparity claims may be cognizable,[3] "[a] claim concerning an unwarranted sentencing disparity is properly the subject of a direct appeal. As such, Petitioner's [sic] failure to present the claim on appeal means he may not raise it for the first time in a § 2255 motion." *Bell v. United States*, 2018 WL 6829706, at *8 (M.D. Fla. Dec. 27, 2018); *see also Bias v. United States*, 2019 WL 5307350, at *3 (S.D. Ohio Oct. 21, 2019) (denying § 2255 relief concerning a sentencing disparity on procedural-default grounds); *Sanders v. United States*, 2015 WL 1285330, at *10 (E.D. Tenn. Mar. 19, 2015) (concluding claim "which alleges disparities between [movant's] sentence and those of his co-defendants, could have been raised on direct appeal, but was not, which constitutes a procedural default."). A procedural default may be overcome if the movant can "show cause excusing his failure to raise the issue previously and prejudice from the alleged error." *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (citations omitted). The movant bears the burden of proof of establishing his excuse for a procedural default. *See Hill v. United States*, 569 F. App'x 646, 647 (11th

---

[3] Despite the Court's hypothetical assumption that Bagrou's sentencing-disparity claim is cognizable, it is not clear that it is. *See, e.g., United States v. Moton*, 2022 WL 44052, at *5 (S.D. Tex. Jan. 5, 2022) ("A motion under § 2255 is not the place to complain of a sentencing disparity." (internal quotation marks and citation omitted)).

5

Cir. 2014) (citing *Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir. 1983)). Bagrou does not even suggest any fact which might excuse his procedural default of his second ground.

## CONCLUSION

Neither ground asserted in Bagrou's Motion states a viable claim for relief. Both of his asserted grounds are substantially vague and conclusory. To the extent that the basis of his first ground is discernable at all, it was waived by his guilty plea. His second ground is procedurally defaulted. Thus, his motion should be **DENIED**, doc. 341, and civil action CV422-208 should be **DISMISSED** in its entirety. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 7th day of September, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA